**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: W.J. BRADLEY MORTGAGE, CAPITAL LLC, *et al.*, <br><br> *Debtors*. <br> GEORGE L. MILLER, Chapter 7 Trustee for the jointly administered Chapter 7 bankruptcy estates of W.J. Bradley Company Merchant Partners 2003-SEED, LLC, W.J. Bradley Mortgage Capital, LLC, W.J. Bradley Corporate Services, LLC, W.J. Bradley Financial Services, LLC, and WJB Mortgage Services, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> WILLIAM J. BRADLEY, JOSEPH A. CAMBI, ARTHUR S. DEMOULAS, GERARD LEVINS, AUDREY KIRDAR, DANIEL BARUCH, HOWARD MICHALSKI, ASD MERCHANT PARTNERS LLC, SPRINGFIELD CAPITAL, LLC, ARTHUR S. DEMOULAS CONTINUATION TRUST, ARTHUR S. DEMOULAS 2012 TRUST, and PETER PICKNELLY, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  C.A. No. 24-262 (MN) |

## SCHEDULING ORDER

This 17th day of May 2024, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b);

The pretrial phase of this civil action was conducted before the United States Bankruptcy Court for the District of Delaware prior to the Court's April 16, 2024 Order withdrawing the reference pursuant to 28 U.S.C. § 157(d) (the "Withdrawal Order"). The parties having agreed

and reported to the Court that prior to the Withdrawal Order, the parties engaged in alternative prior dispute resolution, completed fact and expert discovery, including initial disclosures, depositions, expert disclosures and expert depositions, and that the deadline for summary judgment motions has elapsed without any such motion.

IT IS ORDERED that:

1. <u>Papers Filed Under Seal.</u>  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

2. <u>Courtesy Copies.</u>  The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

3. <u>ADR Process.</u> The parties shall mediate IN PERSON with an agreed-upon mediator prior to the Pretrial Conference and file a joint letter after the mediation has occurred. The joint letter shall identify the mediator, the client representative and the lead counsel for each party at the mediation and the length of the mediation, as well as a certification by the lead counsel that they have engaged in the mediation efforts in good faith. The joint statement should not disclose the substance of any offers, counteroffers or other negotiations. If the parties anticipate any further mediation efforts will be conducted after the deadline to submit the joint statement, the parties shall indicate that in their submission and state when those efforts are expected to occur.

4. <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

5. <u>Objections to Expert Testimony.</u>  Any objection to expert testimony made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **May 13, 2024**.  The parties will have 14 days for opposition briefs, and 7 days for reply briefs.  All Daubert briefing will be completed by **June 4, 2024** and presented pursuant to the Court's Local Rules.

6. <u>Motions *in Limine*.</u>  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

7. <u>Pretrial Conference.</u>  On **June 25, 2024**, the Court will hold a pretrial conference in Court with counsel beginning at 4:00 PM in Courtroom 4A.  The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's

Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered. The parties shall meet and confer to discuss any stipulations regarding the authenticity of any documents to be offered as exhibits in this case.

8. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) full business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

9. <u>Trial.</u> This matter is scheduled for a **five (5) day** trial beginning at 9:30 a.m. on **July 8, 2024**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
The Honorable Maryellen Noreika
United States District Judge

Counsel Shall Provide a Chart of All Relevant Deadlines

| EVENT | DEADLINE |
|---|---|
| *Daubert* motions | May 13, 2024 |
| Pretrial conference | June 25, 2024 |
| Jury trial | July 8-12, 2024 |